# Goff *versus* Nuttall and Kirkpatrick.

*Right of Married Woman to Rent of separate Real Estate.*

The rent of real estate bought by a married woman, who had with her husband given a mortgage for the purchase-money, cannot be attached by one of his creditors for a debt contracted by him after the purchase.

ERROR to the Common Pleas of *Allegheny county.*

This was an execution-attachment, at the suit of Kinney Goff, against Solomon Shetter, in which Richard Nuttall and John Kirkpatrick, partners doing business as Nuttall & Kirkpatrick, were summoned as garnishees.

The case was this:—On the 8th day of July 1861, Kinney Goff had obtained a judgment against Solomon Shetter, for $220.97, and on the 23d day of September 1861, this attachment was issued to attach a debt alleged to be due from Nuttall & Kirkpatrick to Shetter, for rent of certain premises in Allegheny City, occupied by them.

[Goff *v.* Nuttall.]

Shetter made no defence to this attachment, but the garnishees defended on the ground that the rent due from them belonged to the wife of Solomon Shetter, they having rented the premises from her, and not from the husband; and the only question was, whether the rent due belonged to the wife, as her separate property, or to her husband.

Shetter and wife were married in 1850; and in 1854, a lot of ground (embracing the premises contained in the lease) was conveyed by S. Seymour to James Sweeny and Mary Shetter, the wife of Solomon Shetter. At the same time, a mortgage was given by them to Seymour, in which Solomon Shetter joined, for the whole purchase-money, $3150, payable in ten annual payments, without interest.

There was a shop upon a part of the lot, which Shetter improved and occupied for some time as his place of business. On the 6th of July 1860, Mary Shetter leased the shop to Nuttall & Kirkpatrick, for three years from the 1st of April 1861, at $160 per year, and appointed John Dyer to collect the rent, and apply it to the taxes and the mortgage of Seymour. This was the rent attached.

On the trial, the plaintiff gave in evidence, 1. The judgment against Solomon Shetter for $220.97; the writ of attachment and service thereof; lease in writing from Mary Shetter, wife of Solomon Shetter, to Nuttall & Kirkpatrick, dated July 6th 1860, for certain premises in Allegheny City, for the term of three years from the 1st day of April 1861, at the yearly rent of $160, payable quarterly; and the answer of defendants, admitting rent in arrear, claimed by Mrs. Shetter.

He also proved that Shetter resided in Allegheny City fourteen or fifteen years; that the buildings occupied by the garnishees were built six or eight years ago, and were at first occupied for some years by Solomon Shetter as a blacksmith-shop; that Mr. and Mrs. Shetter were married before they were put up; that the buildings were in part built by J. & A. Patterson, who did the work for Shetter, and that this work was mostly paid in blacksmithing, done at his shop; and rested.

The defendants, on their part, offered, 1. Deed from Sylvester Seymour and wife to James Sweeny and Mary Shetter, dated August 2d 1854, recorded July 15th 1857, for a lot of ground, embracing the premises leased to defendants, consideration, $3150, which is receipted for on the deed. 2. Mortgage from James Sweeny and Mary Shetter and Solomon Shetter to S. Seymour, dated August 2d 1854, for $3150, on the same premises described in the deed; and closed their case.

The plaintiff's counsel thereupon asked the court to charge the jury, that "if they believe that the premises mentioned were conveyed by S. Seymour and wife to Mary Shetter, the wife of Solo-

[Goff *v.* Nuttall.]

mon Shetter, by deed dated August 2d 1854, for the consideration of $3150, which is receipted for in full on the deed, and that the defendants, garnishees, rented the premises from Mrs. Shetter, the rent due on the lease belongs to Solomon Shetter, the husband, and is liable to be taken in execution by his creditors."

The court below (MELLON, J.) charged the jury as follows:—

"I refuse to instruct the jury as requested in the plaintiff's proposition. There is nothing to show or indicate payment by Shetter for the property, except the general formal receipt at the bottom of the deed of Seymour to his wife. It would seem rather that a mortgage was given for the purchase-money, on which nothing has been paid, except what has been paid out of the rents of the premises. But, supposing Shetter, the defendant, had paid for this property at the date of Seymour's deed, and directed the deed to be made to his wife, what right has this plaintiff to complain? We have no evidence that Shetter owed a dollar to anybody at that time, or for six or seven years afterwards. There is no evidence that he did so to defraud this or any other creditor, either immediately or prospectively. A man not indebted may donate his property to anybody, his wife not excepted. Subsequent creditors, not contemplated at the time of such gift, can have no reason to complain. If a false credit was given by defendants' occupancy of the shop, it was the plaintiff's own neglect in not examining the records. This deed was recorded long enough before his debt was contracted, so far as the evidence in the case goes. I take it, the authorities so strenuously insisted on by plaintiff's counsel do not apply to a case of this description. The Supreme Court have not ruled, that in no instance, or under no circumstances, can a wife's earnings enure to her own emolument. Even the wife's earnings, I take it, might be dedicated by the husband to her own use, if he were out of debt at the time."

There was a verdict and judgment in favour of the defendants; whereupon the plaintiff sued out this writ, and assigned for error the instruction given to the jury as above.

*C. Hasbrouck*, for plaintiff in error, cited and relied on Keeny *v.* Good, 9 Harris 34; Gamber *v.* Gamber, 6 Id. 63; Walker *v.* Reaney, 12 Casey 410; Winter *et al. v.* Walker, 1 Wright 155; Robinson & Co. *v.* Wallace, 3 Id. 129; Rhoads *v.* Gordon, 3 Id. 277; Hallowell *v.* Horter, 11 Casey 380.

*E. P. Jones*, for defendant in error.

The opinion of the court was delivered, November 6th 1862, by STRONG, J.—In its bearing upon the facts of the case as they

[*Goff v.* Nuttall.]

appeared in evidence, the charge of the court was unexceptionable. The legal title to the land was in Mrs. Shetter, vested in her seven years before the husband's debt was contracted, by conveyance not from him but from a stranger. Not only was there no evidence that he paid the purchase-money, but the proof was clear that he paid no part of it. The case, therefore, shows neither legal nor equitable title in him. True, he joined in the mortgage with his wife and her co-grantee, thus becoming their surety (if he also signed their bond, which does not appear), and he built a blacksmith shop on the land, and occupied it for some years, but neither of these things could give him title. That could only be acquired by the payment of purchase-money.

And if he had paid the purchase-money in 1854, when the conveyance was made to the wife, it would have raised no equity in him. He was not then in debt, and there is no evidence that he then contemplated contracting debts. It was quite competent for him at that time to make a settlement upon his wife, effective not only against himself, but also subsequent creditors not intended to be defrauded. And it has long been well settled that if a husband purchase land and pay for it, and have the deed made to his wife, there is no resulting trust in his favour. Such trusts arise only between strangers. Nor has the Act of April 11th 1848 placed the wife in a worse situation than she occupied before its passage. Equity will raise a trust in the husband to protect prior creditors, but where the transaction does not tend to defraud such creditors, it is a good settlement upon the wife: 8 Vesey 199; 9 Id. 12; 1 Peere Williams 780; Sugden on Vend. 146. The statute of Elizabeth avoids gifts and voluntary conveyances only in favour of those intended to be defrauded. Subsequent creditors not in existence or contemplation when a gift is made, may not avoid them. In this case the smithshop, the only thing which has cost the husband a cent, was erected many years before he became a debtor.

Keeny *v.* Good, Gamber *v.* Gamber, and the other cases cited by the plaintiff in error, have no applicability to such a case as this. Here the wife does show how she obtained the property; that if in any part or in any sense, it was a gift from her husband, or came from him, it was such a gift as he had a right to make, and made at a time when nobody could be defrauded.

The judgment is affirmed.